IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MELISSA S. NOLAN,** | : | Case No. 2:12-CV-00477 |
| | : | |
| Plaintiff, | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| v. | : | |
| | : | Magistrate Judge Terence Kemp |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

Plaintiff, Melissa S. Nolan, brings this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Benefits and Supplemental Security Income. This matter is before the Court for consideration of Plaintiff's May 8, 2013 Objections (Doc. 19) to United States Magistrate Judge Terence J. Kemp's April 25, 2013 Report and Recommendation (Doc. 17), recommending that the Court affirm the decision of the Commissioner. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

### I. BACKGROUND

Plaintiff Nolan, who was 42 years of age at the time of the administrative hearing, alleges she became disabled on July 27, 2001 due to an on the job injury causing back and foot problems. Plaintiff has a GED and some post-high school education. In 2004, Plaintiff had back surgery in the L5-S1 area, which limited her ability to reach overhead. She also broke her right foot, which prevented her from being on her feet for extended periods of time. Additionally, she used an inhaler for breathing problems, was trying to quit smoking, and was attempting to lose

1

weight. Plaintiff last worked at Speedway for several months in 2007. She was a food steward, a job which required her to be on her feet, and she had trouble due to her back and foot problems.

Plaintiff filed her application for disability insurance benefits on January 23, 2008. After her application was denied initially and again upon reconsideration, Plaintiff sought a de novo hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on August 26, 2010 at which Plaintiff appeared and testified. Dr. Rain, a consulting psychologist, Dr. Finnerty, a state agency reviewer, and Dr. Oestreich, a vocational expert ("VE"), also testified at the administrative hearing.

Dr. Rain examined Plaintiff on May 21, 2008, and concluded that Plaintiff suffered from a mixed personality disorder, PTSD from a childhood traumatic experience, and a mood disorder. He felt that her ability to relate to others was impaired, and that her ability to manage benefits was "problematic." Dr. Finnerty, the state agency reviewer, completed a mental residual functional capacity ("RFC") report and found only moderate limitations, and no marked limitations, in various work-related areas. He reviewed Dr. Rain's assessment but disagreed with his conclusions as inconsistent with both other evidence in the file and Plaintiff's own statements. He concluded that Plaintiff could work in a low stress environment that did not require work at a constant pace. (*Report and Recommendation*, Doc. 17, at 3-4.)

Dr. Oestreich, the VE, testified that in his view, Plaintiff could perform a number of unskilled sedentary jobs such as inspector, hand packer, and assembler. He made this assessment after being asked to assume that Plaintiff was limited to working at the light exertional level but could not stand or walk more than two hours in an eight-hour work day. He was also asked to assume, from a psychological viewpoint, that Plaintiff could understand, remember and carry out simple tasks and instructions, could maintain concentration and attention for two-hour segments,

2

could respond appropriately to supervisors and coworkers, and could adapt to simple changes and avoid hazards in a setting without strict production standards.

On October 27, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On April 9, 2012, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Report and Recommendation*, Doc. 17, at 2-5.)

Plaintiff then timely commenced this action. In her Statement of Errors, Plaintiff advanced three primary arguments in support of her claim that the decision of the Commissioner should be reversed. First, Plaintiff asserted that the ALJ rejected the sole examining psychological opinion without supporting substantial evidence. Second, Plaintiff contended that the RFC determination was not supported by substantial evidence because the hypothetical question posed to the VE failed to account for all identified limitations. Third, Plaintiff asserted that the ALJ failed to assess reasonably her credibility. The Commissioner filed a response on December 18, 2012. No reply brief was filed by the plaintiff.

The Magistrate Judge, in his Report and Recommendation, found that the ALJ properly concluded that Plaintiff was not entitled to benefits. The Magistrate relied on the ALJ's finding that all of Plaintiff's impairments—namely depression, right foot pain, degenerative disc disease at L5-S1, asthma, chronic obstructive pulmonary disease, and obesity—did not meet or equal the requirements of any section of the Listing of Impairments. The Magistrate also agreed with the ALJ that Plaintiff was restricted in the work that she could do, but that she could perform certain light exertional level jobs as identified by the VE. In making this assessment, the Magistrate concluded that the ALJ properly rejected Dr. Rain's view of the severity of Plaintiff's limitations.

The Magistrate Judge independently examined the ALJ's rationale for discounting Dr. Rain's opinions, and found that the ALJ properly declined to afford the opinion of the consulting psychologist controlling weight. He found that the ALJ did not ignore Dr. Rain's opinion, but rather he expressly rejected it as unsupported by any other evidence in the record and as inconsistent with the assessment of Dr. Finnerty. The Magistrate Judge found that the ALJ was entitled to rely on his professional opinion as to the significance of the results reviewed by Dr. Rain and Dr. Finnerty. He also found that the ALJ articulated reasons for finding plaintiff a less than credible source of information about her symptoms and functionality. The Magistrate Judge determined that there was no error in the way in which the ALJ dealt with the conflict in the evidence concerning Plaintiff's psychological impairment and her ability to function in the work place. Finally, the Magistrate Judge found that the ALJ's balancing of Plaintiff's RFC determination was supported by case law. Plaintiff's limitations in pace were adequately accounted for by eliminating strict production quotas, allowing for breaks every two hours, and eliminating a number of factors which would cause disruption to the steady flow of work.

The Magistrate Judge concluded that there was no reversible error in the way in which the ALJ accounted for the mental limitations described by Dr. Finnerty, and therefore the ALJ's decision was supported by substantial evidence in all material respects. The Magistrate Judge recommended that the Commissioner's decision be affirmed because it is consistent with the law and supported by substantial evidence.

Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendation on May 8, 2013. In her objections, Plaintiff incorporates all the arguments raised in her Statement of Errors and asks that this Court carefully review those arguments. Plaintiff raises three arguments in her Objections to the Magistrate Judge's Report and Recommendation. Plaintiff's objections

merely reiterate the arguments made in her Statement of Errors, that: (1) the ALJ had no legitimate basis for rejecting the opinion of the sole psychological evaluator, Dr. Rain; (2) the hypothetical question posed to Dr. Oestreich was improper because it failed to incorporate all of the limitations found by Dr. Rain; and (3) the ALJ erred in finding that plaintiff's report of debilitating psychological symptoms was not credible.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when 'a reasonable mind might accept the evidence as adequate to support a conclusion [and] … presupposes that there is a zone of choice within which the decision-makers can go either way, without inference by the courts.'" *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rubbers v. Comm'r of*

5

*Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

The primary issue before this Court is whether the ALJ appropriately rejected Dr. Rain's examining opinion. Plaintiff asserts in her first and third objections that the ALJ's decision was not supported by substantial evidence because the ALJ did not properly weigh the opinion of the consulting psychologist and improperly discounted Plaintiff's credibility. (*Pl.'s Objections*, Doc. 19, at 2, 9.) The Magistrate Judge correctly set forth the principles governing an administrative law judge's consideration of medical opinions, including the opinions of an examining source as follows:

> A consultative examiner, like Mr. Rain, is not considered a treating source, and his opinion need not be given controlling weight in the absence of contrary evidence. Rather, such an opinion
>
>> is to be weighed considering all of the factors identified in 20 C.F.R. § 404.1527(d) (1) through (6). These factors include, among others, the examining relationship, the treatment relationship, the supportability of the opinion by relevant evidence, the consistency of the opinion with the record as a whole, and the specialization of the source providing the opinion. See 20 C.F.R. § 404.1527(d) (1) through (6).
>
> *Bray v. Astrue*, 2012 WL 71015, *3 (E.D. Ky. Jan. 10, 2012). Further, although the record must contain substantial evidence supporting the rejection or discounting of a consultative examiner's opinion, social security regulations "require[ ] ALJs to give reasons only for treating sources." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). On the other hand, when an ALJ completely ignores evidence from non-treating sources that is inconsistent with the ALJ's residual functional capacity assessment, a remand may be required. *See, e.g.*, *Johnson v. Astrue*, 2010 WL 5559542 (N.D. Ohio Dec. 3, 2010), *adopted and affirmed* 2010 WL 5478604 (N.D. Ohio Dec. 30, 2010).
>
> Here, the ALJ did not ignore Mr. Rain's opinion. Rather, he expressly rejected it as unsupported by any other evidence in the record – which is an accurate

> reflection of that evidence – and as inconsistent with the assessment of Dr. Finnerty. He also correctly noted that a good part of Mr. Rain's opinion was based on plaintiff's subjective report of symptoms. While it is true that Mr. Rain also administered some testing, Dr. Finnerty had the opportunity to review the same test results when he reached his conclusions, and the ALJ was entitled to rely on his professional opinion as to the significance of those results. Mr. Rain also commented that there was a wide variance between the severity of plaintiff's symptoms and her functional ability, and the ALJ was entitled to rely on factors such as the absence of any treatment for psychological conditions and the fact that plaintiff had been able to work, and to attempt trial periods of work, without ever being discharged or having to discontinue work due to psychologically-based symptoms. Further, the ALJ articulated reasons for finding plaintiff a less than credible source of information about her symptoms and functionality, and plaintiff's statement of errors does not take issue with any specific reason why the ALJ reached that conclusion. The ALJ appears to have considered factors which are appropriate under 20 C.F.R. § 404.1529(c)(3) and articulated them sufficiently to justify the Court's decision to give substantial deference to the ALJ's decision on this issue. *See, e.g.*, *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). Overall, the Court finds no error in the way in which the ALJ dealt with the conflict in the evidence concerning the plaintiff's psychological impairment and her ability to function in the workplace.

(*Report and Recommendation*, Doc. 17, at 9-11.)

Plaintiff also asserts that the RFC determination by the VE was not supported by substantial evidence because the hypothetical evidence failed to account for all of Plaintiff's identified limitations. (*Pl.'s Objections*, Doc. 19, at 7.) The Magistrate Judge addressed this discrepancy in his discussion of the facts and issues raised by Plaintiff and the Commissioner, and conducted an independent analysis relying on appropriate authority, as follows:

> Plaintiff claims that Dr. Finnerty indicated different and more significant limitations in functioning than the ALJ found to exist. In particular, plaintiff argues that Dr. Finnerty's view that she was limited to working in a low-stress environment and performing tasks which did not require her to work at a consistent pace are not the same as the ALJ's finding that she could maintain attention and concentration over two-hour periods, respond appropriately to coworkers and supervisors, and adapt to simple changes and avoid hazards in a work setting without strict production standards. In response to this argument, the Commissioner's memorandum states that the ALJ's residual functional capacity

7

findings, while not reflecting Dr. Finnerty's opinion word for word, "reasonably accounted for the credible evidence of Plaintiff's mental limitations, including the opinion of Dr. Finnerty, by incorporating restrictions related to simple tasks and reduced pace, including limitations designed to reduce stress and account of concentration deficits by accommodating production at a reduced pace and breaks every two hours." Commissioner's Memorandum, Doc. 16, at 16.

In support of this argument, the Commissioner cites to *Groves v. Astrue*, 2012 WL 10385 (S.D. Ohio Jan. 3, 2012). In *Groves*, the evidence indicated a moderate impairment in persistence due to pain and depression. The ALJ characterized this limitation as consistent with doing non-complex and low stress work (which was "defined as no fixed production; no above average pressure for production; no non-routine work; no hazardous work"), and the Court found that this characterization appropriately addressed the restrictions imposed by the claimant's mental health specialist. *Groves*, 2012 WL 10385, at *9. Clearly, the restrictions imposed here by the ALJ on no more than simple changes in the work, no hazards, and no strict production standards, are the functional equivalent of low-stress work, which is one of the two limitations found in Dr. Finnerty's narrative. *Groves* therefore provides partial support for the Commissioner's argument.

There is case law supporting the balance of that argument as well. For example, in *Scott v. Comm'r of Social Sec.*, 2013 WL 237296, *18 (N.D. Ohio Jan. 3, 2013), *adopted and affirmed* 2013 WL 237192 (N.D. Ohio Jan. 22, 2013), the court found that by limiting the claimant to work that did not have production quotas and which involved only simple routine tasks, the ALJ "adequately capture[d] any restrictions to Plaintiff's ability to sustain concentration, persistence or pace." While it is true that a hypothetical question which omits "speed- and pace-based restrictions completely" may be fatally flawed, *see Ealy v. Comm'r of Social Security*, 594 F.3d 504, 516 (6th Cir. 2010), that is not what happened here. This Court, similar to the *Scott* court, finds that the ALJ's residual functional capacity determination adequately accounted for limitations in pace by eliminating strict production quotas, allowing for breaks every two hours, and eliminating a number of factors which would cause disruption to the steady flow of work. Under these circumstances, there is no reversible error in the way in which the ALJ accounted for the mental limitations described by Dr. Finnerty. The ALJ's decision is therefore supported by substantial evidence in all material respects.

(*Report and Recommendation*, Doc. 17, at 11-13.)

8

This Court agrees with the Magistrate Judge's finding that there is evidence substantially supporting the ALJ's decision and his conclusions. The Court may not substitute its opinion for that of the administrative law judge. *Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). So long as the administrative law judge's decision is supported by substantial evidence, 42 U.S.C. § 405(g), it must be affirmed. *Mullen v. Sec'y of Health and Human Servs.*, 800 F.2d 535, 548 (6th Cir. 1986) (en banc) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir 1984)). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Here, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's determination that Plaintiff is not disabled, as defined in the Social Security Act.

## IV. CONCLUSION

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Accordingly, the Court **OVERRULES** Plaintiff's Objections. (Doc. 19.) The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATE: September 10, 2013**